IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HERRERA,

      Plaintiff,                    No. CIV S-10-1154 MCE DAD P

    vs.

P. STATTI,

      Defendant.            <u>ORDER</u>

        /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell

Atlantic, 550 U.S. 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff identifies P. Statti as the sole defendant and alleges the following. On May 26, 2009, plaintiff was found guilty of a rules violation regarding battery on a prison official at High Desert State Prison. (See Compl. at 3.) On July 9, 2009, plaintiff was

3

1  transferred to California State Prison, Corcoran. (Id.) However, on November 22, 2009, plaintiff
2  was transferred back to High Desert State Prison for criminal prosecution relating to the above-
3  mentioned battery charges. (Id.) Since plaintiff's return to High Desert State Prison, prison staff
4  have threatened, harassed, and retaliated against him. (Id.) Plaintiff has attempted to file inmate
5  grievances regarding the harassment, but defendant Statti refuses to process his grievances. (Id.)
6  Accordingly, plaintiff seeks an injunction compelling defendant to process his grievances, along
7  with a judgment for damages and declaratory relief. (Id.)

8  In addition to his complaint, on August 27, 2010 plaintiff filed a motion for an
9  extension of time. Therein, plaintiff explains that prison officials are denying him access to his
10 legal documents in this case. (Mot. at 1.) Plaintiff also appears to claim that prison officials are
11 intercepting and confiscating his legal mail. (See id. at 2.) In plaintiff's view, prison officials at
12 High Desert State Prison are attempting to retaliate against him for committing battery against a
13 prison official and for filing this civil rights action. (Id.)

**DISCUSSION**

15 The allegations in plaintiff's complaint are so vague and conclusory that the court
16 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
17 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
18 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
19 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff
20 must allege with at least some degree of particularity overt acts which defendants engaged in that
21 support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R.
22 Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
23 amended complaint.

24 If plaintiff decides to file an amended complaint, he is advised of the following
25 legal standards that govern the claims he is apparently attempting to present. To the extent that
26 plaintiff alleges that defendant Statti refuses to process his inmate grievances, plaintiff is advised

that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official screens-out or otherwise denies a prisoner's grievance, the prison official does not deprive the prisoner of any constitutional right.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate grievances without any basis failed to demonstrate a deprivation of federal rights).

If, however, plaintiff is seeking to allege a retaliation claim against defendant, he is advised that under the First Amendment prison officials may not retaliate against prisoners for initiating litigation or filing administrative appeals.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  In this regard, a viable claim of First Amendment retaliation entails five elements: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate penological purpose.  Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  Therefore, if plaintiff elects to pursue such a claim in his amended complaint, he should in good faith attempt to allege those facts in his case which he believes satisfy each of these five elements.

Plaintiff is also advised that he has a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996).  To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an "actual injury" as a result of a prison official's misconduct.  Id. at 351-52.  In this regard, if plaintiff decides to pursue such a claim in

5

1 his amended complaint, he should allege facts explaining: (1) how the defendant has denied him
2 access to the law library, his legal materials, and mail; and (2) whether these deprivations have
3 caused him to miss a court deadline or otherwise default in a lawsuit.  See id. at 348.
4       Finally, plaintiff is informed that the court cannot refer to his prior pleadings in
5 order to make his amended complaint complete.  Local Rule 220.  This is because, as a general
6 rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,
7 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
8 serves a function in the case.  Accordingly, plaintiff must sufficiently allege each claim and the
9 involvement of each defendant in any amended complaint he elects to file.

## CONCLUSION

11     In accordance with the above, IT IS HEREBY ORDERED that:
12     1.  Plaintiff's June 25, 2010 application to proceed in forma pauperis (Doc. No.
13 14) is granted;
14     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 The fee shall be collected and paid in accordance with this court's order to the Director of the
16 California Department of Corrections and Rehabilitation filed concurrently herewith;
17     3.  Plaintiff's complaint is dismissed;
18     4.  Plaintiff is granted thirty days from the date of service of this order to file an
19 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
20 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
21 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
22 amended complaint in accordance with this order will result in a recommendation that this action
23 be dismissed without prejudice;
24     5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a
25 civil rights action; and
26 /////

1       6. Plaintiff's August 27, 2010 motion for an extension of time (Doc. No. 15) is
2  denied.
3  DATED: September 2, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:sj
   herr1154.14