IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

        Plaintiff,                   No. 2:10-cv-1154 MCE DAD P

    vs.

P. STATTI, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        By way of background, on July 20, 2012, the court screened plaintiff's amended complaint and found that it appeared to state an Eighth Amendment excessive use of force claim against defendants Wheeler, Clement, Micone, and Harrison as well as an Eighth Amendment inadequate medical care claim against defendant Medina. The court also found, however, that the complaint failed to state a cognizable Eighth Amendment inadequate medical care claim against named defendants Johnson, Kissinger, Marsh, and Pena.

        Plaintiff has since filed a request to add additional allegations to his amended complaint against defendants Johnson, Kissinger, Marsh, and Pena in what appears to be an attempt to state a cognizable Eighth Amendment inadequate medical care claim against them.

As the court recently advised plaintiff in his other pending action, see Case No. 2:10-cv-1280 GEB DAD P, the court will not allow plaintiff to simply add parties and allegations to his amended complaint in this piecemeal fashion. Plaintiff has previously amended his complaint in this action once as a matter of right. If plaintiff wishes to further amend his complaint by adding parties or allegations, he will need to file a motion for leave to file a second amended complaint together with a proposed second amended complaint. See Fed. R. Civ. P. 15(a). However, if plaintiff elects to file a motion to amend together with a proposed second amended complaint he is strongly cautioned that in any second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to add additional allegations to his amended complaint (Doc. No. 37) is denied.

DATED: August 23, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.sac