IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

    Plaintiff,                      No. 2:10-cv-1154 MCE DAD P

    vs.

P. STATTI, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.

        On November 20, 2012, defendants filed a motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required. Plaintiff filed an opposition to the motion and also filed a discovery motion in which he asks the court to order the appeals coordinators at Corcoran State Prison and High Desert State Prison to provide him with copies of all of his administrative grievances. Plaintiff contends that he needs copies of these records to demonstrate that he attempted to exhaust his claims in this action.

        As an initial matter, this court is unable to issue an order against any individuals, such as the appeals coordinators, who are not parties to the suit pending before it. See Zenith

Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). However, in the interest of justice, the court will not rule on defendants' motion to dismiss at this time. Instead, the court will grant plaintiff thirty days to review his central file, which should contain copies of his administrative grievances, and submit a supplemental opposition to the pending motion to dismiss if he so desires to demonstrate that he exhausted his excessive use of force claim or that he should be excused from complying with the exhaustion requirement. The court will also grant defendants leave to file a response to any supplemental opposition submitted by plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery motion (Doc. No. 50) is granted in part; and

2. Plaintiff is granted thirty days from the date of service of this order to review his central file and submit a supplemental opposition if he so desires. Within fourteen days of service of plaintiff's supplemental opposition, if any, defendants may file a response thereto.

DATED: May 2, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.appeals