IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

    Plaintiff,                    No. 2:10-cv-1154 MCE DAD P

    vs.

P. STATTI, et al.,

    Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.

        On May 3, 2013, the court granted plaintiff thirty days to submit a supplemental opposition to defendants' motion to dismiss. Plaintiff has since filed a request for an extension of time. Good cause appearing, the court will grant plaintiff's request. However, the court will grant no further extensions of time for this purpose.

        Plaintiff has also filed a motion for the court to mail a letter from him to the Office of the Federal Defender. In the letter, plaintiff requests representation in this matter. Plaintiff is free to mail his letter directly to the Office of the Federal Defender, though the court notes that office provides services to indigent individual charged with criminal offenses and normally does not provide representation in connection with civil rights actions such as this.

1

1   Moreover, insofar as plaintiff is requesting appointment of counsel, the United States Supreme
2   Court has ruled that district courts lack authority to require counsel to represent indigent
3   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
4   certain exceptional circumstances, the district court may request the voluntary assistance of
5   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
6   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

    Finally, plaintiff has filed a request for a court order requiring defendant Medina to file a responsive pleading in this matter.  Plaintiff is advised that, on April 5, 2013, defendant Medina waived service and had sixty days thereafter to file a responsive pleading in this matter.  On June 5, 2013, defendant Medina filed an answer.  Accordingly, the court will deny plaintiff's request for a court order.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for an extension of time (Doc. No. 68) is granted;

    2. Within thirty days of the date of service of this order, plaintiff shall file his supplemental opposition.  The court will grant no further extensions of time for this purpose;

/////
/////
/////
/////

3. Plaintiff's motion for the court to mail a letter from him to the Office of the Federal Defender, or alternatively plaintiff's motion for appointment of counsel (Doc. No. 65), is denied; and

4. Plaintiff's request for a court order (Doc. No. 66) is denied.

DATED: June 18, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.36appeals

3