IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

        Plaintiff,                No. 2:10-cv-1154 MCE DAD P

    vs.

P. STATTI, et al.,                 <u>ORDER AND</u>

        Defendants.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.  In accordance with the court's May 3, 2013 order, both parties have also filed supplemental briefing on the issue pending before the court.

## BACKGROUND

        Plaintiff is proceeding on an amended complaint against defendants Wheeler, Clement, Micone, Harrison, and Medina.  Therein, plaintiff alleges that defendants Wheeler, Clement, Micone, and Harrison used excessive force against him during an altercation at High

1

1   Desert State Prison and that defendant Medina subsequently failed to provide plaintiff with

2   adequate medical care in violation of the Eighth Amendment.  (Am. Compl. at 3 & Attach. at 1-

3   4.)

4                              **THE EXHAUSTION REQUIREMENT**

5            By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

6   U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

7   under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

8   prison, or other correctional facility until such administrative remedies as are available are

9   exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

10  prison life, whether they involve general circumstances or particular episodes, and whether they

11  allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

12           The United States Supreme Court has ruled that exhaustion of prison

13  administrative procedures is mandated regardless of the relief offered through such procedures.

14  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against

15  reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n.6.

16  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

17  exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

18  grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust

19  administrative remedies prisoners 'must complete the administrative review process in

20  accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but

21  by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting

22  Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)

23  ("The California prison system's requirements 'define the boundaries of proper exhaustion.'")

24  (quoting Jones, 549 U.S. at 218).

25           In California, prisoners may appeal "any policy, decision, action, condition, or

26  omission by the department or its staff that the inmate or parolee can demonstrate as having a

                                                    2

1     material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §

2     3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third

3     level of review constitutes the decision of the Secretary of the California Department of

4     Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. §

5     3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate

6     level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d

7     1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

8          The PLRA exhaustion requirement is not jurisdictional but rather creates an

9     affirmative defense. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or

10    demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

11    Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion.

12    Wyatt, 315 F.3d at 1119. That burden, however, is "very low." Albino v. Baca, 697 F.3d 1023,

13    1031 (9th Cir. 2012). The defendants need only show the existence of a grievance procedure that

14    plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)

15    and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

16          A prisoner may be excused from complying with the PLRA's exhaustion

17    requirement if he establishes that the existing administrative remedies were effectively

18    unavailable to him. Albino, 697 F.3d at 1031. For example, where prison officials improperly

19    screen out inmate grievances, they render administrative remedies effectively unavailable. See

20    Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue

21    the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226

22    (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from

23    exhausting administrative remedies by a warden's mistaken instruction to him that a particular

24    unavailable document was needed for him to pursue his inmate appeal).

25          If the district court concludes that the prisoner has not exhausted administrative

26    remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without

1   prejudice." Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.

2   2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds

3   with the good and leaves the bad."  Jones, 549 U.S. at 221.

4                                    **DISCUSSION**

5          In this case, based on the evidence presented by the parties in connection with the

6   pending motion, the court finds that plaintiff failed to properly exhaust his administrative

7   remedies with respect to his claim that defendants Wheeler, Clement, Micone, and Harrison used

8   excessive force against him.  It is true that in order to satisfy the exhaustion requirement, a

9   prisoner is not required to allege every fact necessary to state or prove a legal claim in his

10  administrative appeal.  See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (absent a

11  prison grievance procedure statement to the contrary, "'a grievance suffices if it alerts the prison

12  to the nature of the wrong for which redress is sought.'") (quoting Strong v. Davis, 297 F.3d 646,

13  650 7th Cir. 2002)).  However, at a minimum, a prisoner must "provide enough information . . .

14  to allow prison officials to take appropriate responsive measures."  Griffin, 557 F.3d at 1121.

15         In Griffin, the prisoner plaintiff had fallen while trying to access an upper bunk

16  and filed an inmate appeal stating that he had injured himself when he fell.  Griffin, 557 F.3d at

17  1118.  In that inmate appeal Griffin requested a ladder or a permanent step to access the top

18  bunk.  See id.  While his appeal was pending, a prison nurse issued Griffin an order for a lower

19  bunk assignment.  See id. at 1118-19.  In response to Griffin's inmate appeal, a prison official

20  stated that the nurse's order for a lower bunk assignment resolved the problem about which

21  Griffin was complaining.  See id. at 1119.  Griffin maintained, however, that prison staff

22  disregarded the nurse's order.  See id.  Griffin appealed the prison official's decision to the Jail

23  Commander and then to the external referee, but he never mentioned in his subsequent inmate

24  appeals that prison staff was disregarding the nurse's order that he receive a lower bunk

25  assignment.  See id.  Both the Jail Commander and the external referee responded that the

26  nurse's order addressed Griffin's problem and that no further action was necessary.  See id.

4

1    The Ninth Circuit held that Griffin had failed to properly exhaust his deliberate

2    indifference claim against the prison staff defendants.  Griffin, 557 F.3d at 1118 & 1121.

3    Specifically, the Ninth Circuit determined that Griffin did not provide prison officials with notice

4    that the prison staff had disregarded the nurse's order for him to receive a lower bunk

5    assignment, and that the officials responding to his appeal had reasonably concluded that the

6    nurse's order solved the problem about which Griffin had complained in his inmate appeal.  See

7    id.  The court noted that rather than clarifying the problem for the Jail Commander or the

8    external referee, in his inmate appeal Griffin simply continued to merely demand a ladder.  See

9    id.  The Ninth Circuit concluded that Griffin's inmate appeal did not "provide enough

10   information . . . to allow prison officials to take appropriate responsive measures."  Id.

11   Similarly, in this case plaintiff filed one inmate appeal, HDSP-09-01100, related

12   to the claims he asserts in this action.  In that inmate appeal plaintiff sought reversal of a guilty

13   finding for a rules violation (Possession of Hypodermic Kits) he received in connection with the

14   altercation he had with defendants Wheeler, Clement, Micone, and Harrison.  However, as

15   defense counsel observes, plaintiff did not mention in his inmate grievance that the defendants

16   used excessive force against him.  Rather, he complained only that he did not receive due process

17   or a fair hearing in connection with his prison disciplinary proceeding.  (Defs.' Mot. to Dismiss

18   (Doc. No. 45) at 4, Lozano Decl. & Ex. A, Cornelison Decl. & Ex. A.)

19   The Ninth Circuit has made clear that the primary purpose of an inmate appeal is

20   "to notify the prison of a problem."  Griffin, 557 F.3d at 1120.  Here, plaintiff's allegations set

21   forth in his inmate appeal could not have alerted prison officials to any problem he allegedly

22   experienced with defendants Wheeler, Clement, Micone, and Harrison and the amount of force

23   they used against him on the day in question.  In this regard, plaintiff's administrative grievance

24   did not give prison officials a fair opportunity to respond to the claims he has now presented

25   against the moving defendants in this action.

26   /////

1        The Ninth Circuit has also held that a prisoner may be excused from complying

2 with the exhaustion requirement when prison officials render such administrative remedies

3 effectively unavailable.  <u>See Albino</u>, 697 F.3d at 1034.  In opposition to the pending motion to

4 dismiss, plaintiff argues that he submitted a grievance complaining of the excessive use of force

5 around the same time he submitted his inmate appeal HDSP-09-01100.  (Pl.'s Opp'n to Defs.'

6 Mot. to Dismiss (Doc. No. 51) at 3.)  Plaintiff also filed a discovery motion in this action in

7 which he asked the court to order certain inmate appeals coordinators to provide him copies of

8 his administrative grievances.  On May 3, 2013, the court informed plaintiff that it was unable to

9 issue an order against any appeals coordinators because they are not parties to the suit pending

10 before it.  However, in the interest of justice, the court granted plaintiff thirty days to review his

11 central file, which should have contained copies of his submitted administrative grievances, and

12 to submit a supplemental opposition to the pending motion to dismiss to demonstrate that he had

13 exhausted his excessive use of force claim or that he should be excused from complying with the

14 exhaustion requirement with respect to that claim.  The court also granted defendants time to file

15 a response to any supplemental opposition filed by plaintiff.  <u>See</u> Order filed May 3, 2013 (Doc.

16 No. 64).

17        Thereafter, both parties filed supplemental briefing.  Plaintiff contends that he

18 obtained copies of his inmate appeals from his central file, but that prison officials recently took

19 the documents from him when they transferred him to a different cell.  (Pl.'s Supp. Opp'n to

20 Defs.' Mot. to Dismiss (Doc. No. 73) at 1.)  As noted above, plaintiff has the burden to establish

21 that administrative remedies were rendered effectively unavailable to him.  <u>Albino</u>, 697 F.3d at

22 1031.  Here, plaintiff has failed to do so.  First, perhaps due to circumstances beyond his control,

23 plaintiff has not submitted to the court a copy of any inmate grievance he submitted in which he

24 complained that the defendants used excessive force against him.  Moreover, plaintiff has not

25 explained what happened to his purported inmate grievance raising this issue or how prison

26 officials' handling of that purported inmate grievance rendered administrative remedies

1   effectively unavailable to him.  It is not enough for plaintiff to simply contend that he attempted

2   to exhaust his administrative remedies.  The exceptions to the exhaustion requirement apply

3   when prison officials take affirmative actions to prevent a prisoner from properly exhausting his

4   administrative remedies prior to filing suit.  See id. at 1034.  Here, plaintiff has not demonstrated

5   that prison officials delayed or thwarted his efforts to exhaust his excessive use of force

6   complaint or that he took all "reasonable and appropriate steps" and engaged "a good faith

7   effort" to exhaust his administrative remedies with respect to such a claim.  See Albino, 697 F.3d

8   at 1035; Nunez, 591 F.3d 1224.[1]

9           In sum, for all of the foregoing reasons, the court finds that defendants have

10  carried their burden of raising and proving the affirmative defense of failure to exhaust

11  administrative remedies prior to filing suit.  See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-

12  19.  Plaintiff has failed to establish that administrative remedies were rendered effectively

13  unavailable to him.  Accordingly, defendants' motion to dismiss should be granted, and

14  plaintiff's excessive use of force claims against defendants Wheeler, Clement, Micone, and

15  Harrison should be dismissed.

16                          **OTHER MATTERS**

17          Also pending before the court are two motions for preliminary injunctive relief

18  filed by plaintiff seeking a court order directing various prison officials at Corcoran State Prison

19  to provide him with medical care.  On July 22, 2013, plaintiff filed a notice of change of address

20  in this action informing the court that he is now incarcerated at New Folsom State Prison.  As

21

22          [1] In his opposition and supplemental opposition, plaintiff also appears to argue that
    pursuing an administrative grievance with respect to his excessive use of force claim would have
23  been futile.  For example, plaintiff contends that, generally speaking, building staff will read a
    prisoner's grievance, and if it is about an officer they know the staff will throw it away.  (Pl.'s
24  Opp'n to Defs.' Mot. to Dismiss at 3.)  Plaintiff also contends that the exhaustion requirement
    should be excused because there is no longer anything to "fix" regarding the severe pain and
25  suffering the defendants caused him.  (Pl.'s Supp. Opp'n to Defs.' Mot. to Dismiss (Doc. No. 73)
    at 2.)  Insofar as plaintiff argues that pursuing a grievance regarding defendants' alleged
26  excessive use of force would have been futile, as noted above, futility is not an exception to the
    exhaustion requirement.  See Booth, 532 U.S. at 741 n.6.

                                    7

1   such, plaintiff is no longer subject to the alleged conditions he complained of at Corcoran State

2   Prison.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365,

3   1368-69 (9th Cir. 1995).  Accordingly, the court will deny plaintiff's motions for preliminary

4   injunctive relief as moot.

5                                          **CONCLUSION**

6           IT IS HEREBY ORDERED that plaintiff's motions for preliminary injunctive

7   relief (Doc. Nos. 46 & 52) are denied as moot.

8           IT IS HEREBY RECOMMENDED that:

9           1.  Defendants' motion to dismiss (Doc. No. 45) be granted;

10          2.  Defendants Wheeler, Clement, Micone, and Harrison be dismissed from this

11  action; and

12          3.  This matter be referred back to the undersigned for further proceedings on

13  plaintiff's sole remaining claim that defendant Medina failed to provide him with adequate

14  medical care in violation of the Eighth Amendment.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within seven days after service of the objections.  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: August 8, 2013.

24

25

26  DAD:9
    herr1154.57

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8