UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO HERRERA,

    Plaintiff,

  v.

P. STATTI, et al.,

    Defendants.

No.  2:10-cv-1154 MCE DAD P

ORDER

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 9, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

In addition, plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 19, 2013 and August 23, 2013 motions for appointment of counsel (ECF Nos. 76 and 78) are DENIED;

2. The findings and recommendations filed August 9, 2013 (ECF No. 75), are ADOPTED in full;

3. Defendants' November 20, 2012 motion to dismiss (ECF No. 45) is GRANTED;

4. Defendants Wheeler, Clement, Micone and Harrison are DISMISSED from this action; and

5. This matter is referred back to the magistrate judge for further proceedings on plaintiff's sole remaining claim that defendant Medina failed to provide him with adequate medical care in violation of the Eighth Amendment.

Dated: September 12, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT