UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. STATTI, et al.,<br><br>　　　　Defendants. | No.  2:10-cv-1154 MCE DAD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The remaining claim in this action is plaintiff's allegation that defendant Medina provided him with inadequate medical care while plaintiff was incarcerated at High Desert State Prison. Plaintiff currently has several motions pending before the court.

First, plaintiff has filed a motion for a medical examination pursuant to Federal Rule of Civil Procedure 35.  Under Rule 35, "on motion for good cause," the court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination. . . ."  Fed. R. Civ. P. 35(a)(1) & (a)(2)(A).  Here, plaintiff's conclusory motion does not demonstrate good cause for the issuance of the order he seeks.  Therefore, the court declines to order a physical examination of plaintiff in this case.  See Quintana v. Swarthout, No. 2:09-cv-3221 KJM CKD P, 2012 WL 5499872 at *3 (E.D. Cal. Nov. 13, 2012) (denying pro se prisoner's request for a court-ordered examination by a non-prison doctor); see also Montanez v. Gonzalez,

1

1   No. 1:10-cv-01931 AWI BAM (PC), 2013 WL 6048132 (E.D. Cal. Nov. 14, 2013) (same);

2   Reynoso v. Sayre, No. C 11-4525 CW (PR), 2013 WL 120841 at *2 (N.D. Cal. Jan. 8, 2013)

3   (same); Hanna v. Chudy, No. C 11-0862, 2011 WL 2039421 at *1 (N.D. Cal. May 25, 2011)

4   (same).[1]

5        Next, plaintiff has filed a related motion seeking a court order requiring officials at

6   Corcoran State Prison to provide him with medical care.  Plaintiff is advised that this court is

7   unable to issue an order against any individual or entity who is not a party to a suit pending before

8   it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v.

9   United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue

10  an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

11  claim; it may not attempt to determine the rights of persons not before the court.").  Again, if

12  plaintiff is seeking additional medical care, he should seek relief through the administrative

13  grievance process at CSP Corcoran.

14       Finally, plaintiff has filed a motion for appointment of counsel.  The United States

15  Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

16  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

17  certain exceptional circumstances, the district court may request the voluntary assistance of

18  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

19  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

20       The test for exceptional circumstances requires the court to evaluate the plaintiff's

21  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

22  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

23  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

---

[1] Moreover, plaintiff is advised that the purpose of a motion brought pursuant to Rule 35 is not for a party to obtain medical care they believe appropriate.  If plaintiff is having difficulty obtaining necessary medical care, he should file an administrative grievance at his institution of incarceration.  In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a medical examination brought pursuant to Rule 35 of the Federal Rules of Civil Procedure (Doc. No. 83) is denied;

2. Plaintiff's motion for a court order requiring that officials at CSP Corcoran provide him with requested medical care (Doc. No. 84) is denied; and

3. Plaintiff's motion for appointment of counsel (Doc. No. 85) is denied.

Dated:  December 3, 2013

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.mots