UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>  v.<br><br>P. STATTI, et al.,<br><br>    Defendants. | No. 2:10-cv-1154 MCE DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Pending before the court is defendant Medina's motion to compel responses to discovery requests and for sanctions as well as defendant Medina's motion for terminating sanctions based on plaintiff's failure to cooperate with discovery.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(3).

First, the court will address defendant's motion to compel responses to their discovery requests. Defense counsel moves the court for an order dismissing the claims against the defendant, or in the alternative, compelling responses to defendant's special interrogatories (set

1

1  one) and request for production of documents (set one).  Defendant also seeks an order imposing
2  sanctions against plaintiff for the amount of attorney's fees incurred in bringing the motion to
3  compel.  (Def.'s Mot. to Compel at 3-4.)  Plaintiff acknowledges that he received defendant's
4  motion to compel dated January 21, 2014, but has not opposed the motion on the merits.  (Pl.'s
5  Opp'n to Def.'s Mot. to Compel at 1.)

6  Under these circumstances, the court will order plaintiff to provide defendant Medina with
7  verified responses to the defendant's special interrogatories (set one) and request for production
8  of documents (set one) within thirty days.  Plaintiff failed to provide any responses to defendant's
9  special interrogatories, and plaintiff merely stated "No Comment" and "Need appointment of
10 counsel" in response to defendant's request for production of documents.  These are neither
11 proper nor adequate responses to defendant's discovery requests.  Plaintiff is advised that he is
12 obligated to respond to defendant's interrogatories to the fullest extent possible under oath.  Fed.
13 R. Civ. P. 33(b)(3).  In addition, plaintiff is obligated to produce all specified relevant documents
14 in his "possession, custody, or control" in response to defendant's requests for production of
15 documents.  Fed. R. Civ. P. 34(a).  If plaintiff is not in possession of responsive documents, he
16 may so state in his response to that particular request.  Plaintiff must, however, make a good-faith
17 effort to provide the facts which he claims support his claim where requested.  See Asea v.
18 Souther Pac. Tranp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) ("The discovery process is subject
19 to the overriding limitation of good faith.").  Plaintiff is cautioned that his failure to provide
20 adequate responses to defendant's discovery requests in the future may result in the imposition of
21 sanctions, including a recommendation that this action be dismissed due to his failure to
22 cooperate in the discovery phase of the litigation.

23 As to defendant Medina's request for terminating sanctions, such a drastic sanction is
24 available under Rule 37(b)(2)(A) for a party's failure to obey an order compelling discovery
25 responses.  This order, however, represents the first time this court has compelled plaintiff to
26 provide further discovery responses.  As such, at this time, the court finds that terminating
27 sanctions are unwarranted.  As to defendant Medina's request for monetary sanctions, under Rule
28 37(a)(5) the court has authority to order plaintiff to pay the defendant's reasonable expenses

1 unless, among other circumstances, the "circumstances made an award of expenses unjust." Fed.
2 R. Civ. P. 37(a)(5)(A)(iii). Here, the court is not persuaded as of yet that plaintiff, a prisoner who
3 is proceeding pro se, has acted in bad faith. As such, at this time, the court finds that an award of
4 monetary sanctions would be unjust. If plaintiff fails to provide adequate responses to defendant
5 Medina's discovery requests in accordance with this court order, defense counsel may renew his
6 request for sanctions and for an award of expenses.

7 The court will now turn to defendant's motion for terminating sanctions based on
8 plaintiff's failure to cooperate with discovery. In the motion, defense counsel explains that, on
9 February 6, 2014, the defendant noticed plaintiff's deposition to take place on February 21, 2014
10 at 1:00 p.m. and further requested that plaintiff stipulate to counsel conducting the deposition via
11 video-conference. Plaintiff refused to stipulate to conducting the deposition via video-
12 conference, so on February 12, 2014, the defendant sent plaintiff an amended notice of deposition
13 for the deposition to take place on the same date, February 21, 2014, but at 10:00 a.m. instead of
14 1:00 p.m., at the request of institutional staff. On February 21, 2014, defense counsel commuted
15 four hours one way and attempted to take plaintiff's deposition, but upon counsel's arrival at the
16 institution counsel learned from correctional staff members that plaintiff refused to appear at his
17 deposition because he had a medical appointment to attend. Based on plaintiff's conduct,
18 defendant asks the court to issue terminating sanctions. (Def.'s Mot. for Term. Sanctions at 2-3.)
19 Plaintiff has opposed defendant's motion and argues that he did not refuse to do anything, and
20 rather, he was unable to attend his deposition because he had a medical appointment to address
21 his chronic pain. (Pl.'s Opp'n to Def.'s Mot. for Term. Sanctions at 1.)

22 Under the court's October 3, 2013, and January 16, 2014, discovery and scheduling
23 orders, defendant Medina is allowed to depose plaintiff provided he provides plaintiff at least
24 fourteen days notice of the deposition in accordance with Rule 30(b)(1) of the Federal Rules of
25 Civil Procedure. The record in this case demonstrates that, on February 12, 2014, the defendant
26 sent plaintiff an amended notice of deposition to take place on February 21, 2014, at 10:00 p.m.
27 When defense counsel attempted to take his deposition, however, plaintiff refused to attend the
28 proceeding because he had a medical appointment. Under these circumstances, the court will

3

allow defendant Medina to re-notice plaintiff's deposition within thirty days[1] and will order plaintiff to cooperate with defense counsel in the taking of his deposition. Again, however, the court finds that terminating sanctions are, as of yet, unwarranted since this order represents the first time this court has been required to compel plaintiff to cooperate with defense counsel in the taking of his deposition.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel responses to defendant's special interrogatories (set one) and request for production of documents (set one) (Doc. No. 97) is granted. Within thirty days of the date of service of this order, plaintiff shall serve on defense counsel further responses to defendant's special interrogatories (set one) and request for production of documents (set one);

2. Defendant's requests for terminating sanctions and monetary sanctions (Doc. No. 97) are denied without prejudice;

3. Defendant's motion for terminating sanctions based on plaintiff's failure to cooperate with discovery (Doc. No. 102) is denied without prejudice. Defendant Medina may re-notice plaintiff's deposition within thirty days. Plaintiff shall cooperate with defense counsel in the taking of his deposition; and

4. Plaintiff's failure to provide adequate responses to defendant Medina's discovery requests and/or plaintiff's refusal to cooperate in the taking of his deposition may result in the imposition of sanctions, including a recommendation for dismissal of this action.

Dated: March 24, 2014

DAD:9
herr1154.depo

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] The court may, on motion, order that plaintiff participate in his deposition via video-conference. See Fed. R. Civ. P. 30(b)(4). If defense counsel is so inclined, he may file a motion seeking a court order authorizing him to take plaintiff's deposition via video-conference.