1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO HERRERA,                      No.  2:10-cv-1154 MCE DAD P

12            Plaintiff,

13        v.                               ORDER

14   P. STATTI, et al.,

15            Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action.  Pending before the

18   court are several of the parties' motions, which the court will address in turn.

19                              **BACKGROUND**

20          Plaintiff is proceeding on an amended complaint against defendant Medina based upon

21   the defendant's alleged failure to provide him with adequate medical care.  Specifically, plaintiff

22   alleges that while he was incarcerated at High Desert State Prison ("HDSP"), correctional officers

23   engaged in excessive use of force against him, and defendant Medina failed to provide him with

24   adequate medical care after the use of force incident.  According to plaintiff, defendant Medina

25   falsely reported that plaintiff refused medical care.  Plaintiff further alleges that he was

26   transferred to California State Prison, Corcoran, but upon his return to HDSP defendant Medina

27   took him off of his pain medication for no reason.  (Am. Compl. Attach. at 2.)

28   /////

**THE PARTIES' MOTIONS**

First, plaintiff has filed a motion for reconsideration of the undersigned's screening order issued more than two years ago on July 20, 2012.  In that order, the undersigned found that plaintiff's amended complaint appeared to state an Eighth Amendment inadequate medical care claim against defendant Medina but failed to state a cognizable Eighth Amendment inadequate medical care claim against defendants Johnson, Kissinger, Marsh, and Pena.  In his pending motion, plaintiff contends that under the Ninth Circuit's decision in <u>Chappell v. Mandeville</u>, 706 F.3d 1052 (9th Cir. 2013), his allegations state a cognizable claim against defendants Johnson, Kissinger, Marsh, and Pena for putting him on contraband watch prior to giving him medical attention.

As an initial matter, the court has reviewed plaintiff's amended complaint and once more finds that, at most, plaintiff has alleged that proposed defendants Johnson, Kissinger, Marsh, and Pena were indifferent or negligent with regard to his medical care.  As the court previously advised plaintiff, "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980).  In addition, the Ninth Circuit's decision in <u>Chappell</u> has no bearing here.  In that case the Ninth Circuit addressed whether, for purposes of qualified immunity, subjecting a prisoner to certain conditions while on contraband watch – including continuous lighting and mattress deprivation – violated clearly established law.  The decision of the court in <u>Chappell</u> did not concern the elements required to state a cognizable claim for inadequate medical care.  Accordingly, the court will deny plaintiff's motion for reconsideration, and this action will proceed solely on plaintiff's inadequate medical care claim against defendant Medina.

The court now turns to defendant Medina's motion for terminating sanctions.  In that motion, defense counsel moves for terminating sanctions based on plaintiff's failure to respond to defendant's special interrogatories and request for production of documents.  By way of background, on March 25, 2014, the court granted defendant's motion to compel and ordered plaintiff to serve on defense counsel further responses to defendant's discovery requests.  On May 6, 2014, the court granted plaintiff a thirty-day extension of time to comply with the court's order.

1    According to defense counsel, plaintiff never served his responses to the discovery requests.

2         Plaintiff has filed two oppositions to defendant Medina's motion for terminating

3    sanctions.[1]  In the first opposition, plaintiff declares that he sent his discovery responses to the

4    court instead of defense counsel as ordered.  In his second opposition, plaintiff reiterates that he

5    tried to file his discovery responses with the court, but the Clerk of the Court recently returned the

6    documents to plaintiff because, pursuant to Local Rule 250.2(c), parties are not supposed to file

7    their responses to discovery requests until they are at issue.  Plaintiff has attached a copy of the

8    Clerk's notice rejecting his filing and discovery responses.

9         Rule 37 of the Federal Rules of Civil Procedure permits the court, in its discretion, to

10   dismiss an action in whole or part if a party fails to comply with an order compelling discovery.

11   Fed. R. Civ. P. 37(b)(2).  In determining whether to impose terminating sanctions, the court must

12   weigh the following five factors:

13
             (1) the public's interest in expeditious resolution of litigation; (2)
             the court's need to manage its dockets; (3) the risk of prejudice to
14           the party seeking sanctions; (4) the public policy favoring
             disposition of cases on their merits; and (5) the availability of less
15           drastic sanctions.  The sub-parts of the fifth factor are whether the
             court has considered lesser sanctions, whether it tried them, and
16           whether it warned the recalcitrant party about the possibility of
             case-dispositive sanctions.
17

18   Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007)

19   (footnotes omitted).

20        Terminating sanctions are very severe, and therefore, the court should only impose them

21   when a party's noncompliance with a discovery order is "due to willfulness, bad faith, and fault."

22   New Images of Beverly Hills, 482 F.3d at 1096; Computer Task Group v. Brotby, 364 F.3d 1112,

23   1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)).  Here,

24   plaintiff failed to comply with the court's order by not serving his discovery responses directly on

25   defense counsel.  However, plaintiff attempted to file his responses with the court.  Under these

26   _____

27   [1] Defendant Medina has moved to strike plaintiff's second opposition as not procedurally
     recognized by the Federal Rules of Civil Procedure and the Local Rules of Court.  In the interest
     of justice and judicial economy, the court has considered both of plaintiff's oppositions to
28   defendant's motion for terminating sanctions and will deny defendant's motion to strike.

1   circumstances, the court cannot say that dismissal of this action for failure to comply with the

2   court's order is warranted at this time.  Accordingly, the court will deny defendant Medina's

3   motion for terminating sanctions without prejudice.

4          Finally, plaintiff has recently filed two motions to compel discovery and a motion for

5   summary judgment.  Under the court's initial discovery and scheduling order, the parties were

6   required to complete discovery and file any motions to compel on or before January 24, 2014.  In

7   addition, the parties were required to file all pretrial motions on or before April 18, 2014.  On

8   January 16, 2014, the court extended the discovery deadline to February 24, 2014.  Plaintiff's

9   motions to compel filed on June 26, 2014, and July 14, 2014, and motion for summary judgment

10  filed on July 14, 2014, are therefore untimely.  Accordingly, the court will strike them, and

11  defendant Medina will not be required to respond to them.

## CONCLUSION

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Plaintiff's motion for reconsideration (Doc. No. 117) is denied;

15         2.  Defendant Medina's motion for terminating sanctions (Doc. No. 120) is denied without

16  prejudice;

17         3.  Defendant's motion to strike plaintiff's second opposition (Doc. No. 129) is denied;

18         4.  Plaintiff's motions to compel (Doc Nos. 122 & 132) are stricken as untimely; and

19         5.  Plaintiff's motion for summary judgment (Doc. No. 133) is stricken as untimely.

20  Dated:  July 29, 2014

21

22                                          Dale A. Drozd

                                            _____

                                            DALE A. DROZD

23  DAD:9                                    UNITED STATES MAGISTRATE JUDGE

    herr1154.term

24

25

26

27

28

4