1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERTO HERRERA,                          No.  2:10-cv-1154 MCE DAD P

12                    Plaintiff,

13          v.                                  ORDER

14    P. STATTI, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action.  Pending before the

18    Court are three separate filings from Plaintiff in which he seeks reconsideration of the Court's

19    order that denied his requests for appointment of counsel and granted Defendants' motion to

20    dismiss his excessive use of force claims due to his failure to exhaust his administrative remedies

21    prior to filing suit as required.

22          "[A] motion for reconsideration should not be granted, absent highly unusual

23    circumstances, unless the district court is presented with newly discovered evidence, committed

24    clear error, or if there is an intervening change in the controlling law." Kona Enterprises v. Estate

25    of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Using a motion for reconsideration to reargue the

26    points the court rejected in the original order is improper. American Ironworks & Erectors v.

27    North American Construction Corporation, 248 F.3d 892, 899 (9th Cir. 2001).

28    ///

                                                 1

1   A party cannot have relief merely because he or she is unhappy with the judgment.  See Khan v.

2   Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001).

3            The Court has considered Plaintiff's motions for reconsideration and will deny them.  As

4   to Plaintiff's request for reconsideration of the Court's Order denying his appointment of counsel,

5   as the Court previously advised plaintiff, district courts do not have authority to require counsel to

6   represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

7   298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

8   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

9   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for

10  exceptional circumstances requires the court to evaluate the Plaintiff's likelihood of success on

11  the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity

12  of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986);

13  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

14           In this case, the Court does not find the required exceptional circumstances that warrant

15  solicitation and appointment of counsel.  The instant case does not present extraordinary legal or

16  factual complexity, and Plaintiff has shown he is capable of articulating his claims without

17  counsel.  Moreover, at this juncture of the case, Plaintiff is proceeding solely on a straightforward

18  medical deliberate indifference claim against one defendant.  If this case proceeds to trial in the

19  future, Plaintiff may renew his request for appointment of counsel.

20           The Court now turns to Plaintiff's request for reconsideration of the Court's Order

21  granting Defendants' Motion to Dismiss Plaintiff's excessive use of force claims for failure to

22  exhaust administrative remedies.  Therein Plaintiff argues that exhaustion of administrative

23  remedies would have been futile, and in any event, excessive use of force is not a "prison

24  condition" that requires exhaustion.  Plaintiff is advised that he is relying on outdated case law in

25  making these arguments and that the United States Supreme Court has rejected both.  See Porter

26  v. Nussle, 534 U.S. 516, 532 (2002) (the exhaustion requirement "applies to all inmate suits about

27  prison life, whether they involve general circumstances or particular episodes, and whether they

28  allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)

("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").  Plaintiff's remaining contentions are also without merit.

Accordingly, for the reasons discussed herein, Plaintiff's Motions for Reconsideration (Doc. Nos. 81, 116 & 125) are DENIED.

IT IS SO ORDERD.

Dated:  September 3, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

3