UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. STATTI, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-1154 MCE DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Pending before the court are several of motions brought by plaintiff, which the court will address in turn.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendant Medina based upon the defendant's alleged failure to provide plaintiff with adequate medical care. Specifically, plaintiff alleges that while he was incarcerated at High Desert State Prison ("HDSP"), correctional officers engaged in excessive use of force against him, and defendant Medina failed to provide him with adequate medical care after that use of force incident. According to plaintiff, defendant Medina falsely reported that plaintiff refused medical care. Plaintiff further alleges that he was transferred to California State Prison, Corcoran, but upon his return to HDSP defendant Medina took him off of his prescribed pain medication for no reason. (Am. Compl. Attach. at 2.)

/////

**PLAINTIFF'S MOTIONS**

First, in response to defendant Medina's pending motion for summary judgment, plaintiff has filed two motions for relief pursuant to Federal Rule of Civil Procedure 56(d). In those motions, plaintiff contends that the court should allow him to conduct additional discovery in order to oppose defendant's summary judgment motion. He explains that he previously requested from the defendant certain documents, including his medical records and previously-filed inmate appeals concerning the defendant's conduct. According to plaintiff, however, the defendant failed to produce the requested documents. Instead, defense counsel told plaintiff that he could obtain any responsive documents from his Unit Health Care Record, which would be made available upon his request pursuant to normal institutional procedures. Plaintiff maintains that the court should require the defendant to produce the requested documents and notes that he has tried to obtain certain documents from CDCR staff but has been unable to do so. (Pl'.s Mot. Pursuant to Rule 56(d) at 1-2 & Exs. A & B (Doc. No. 134) & Pl.'s Mot. Pursuant to Rule 56(d) at 1-4 & Exs. K & M (Doc. No. 145)).

To obtain relief under Rule 56(d), the moving party must show:

> (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.

State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with the rule's requirements "is a proper ground for denying discovery and proceeding to summary judgment." Id. See also Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (party opposing summary judgment "has the burden under Rule 56[d] to show what facts [he] hopes to discover to raise an issue of material fact.").

Here, plaintiff's motions fall short of making the requisite showing that he is entitled to relief under Rule 56(d). In particular, plaintiff has not explained what specific facts he hopes to discover and why these facts would preclude summary judgment in the defendant's favor. See

1    Harris v. Duty Free Shoppers Ltd. P'ship, 940 F.2d 1272, 1276 (9th Cir.1991); Carpenter v.
2    Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991).
3          Moreover, "[t]he district court does not abuse its discretion by denying further discovery
4    if the movant has failed diligently to pursue discovery in the past." Conkle v. Jeong, 73 F.3d 909,
5    914 (9th Cir. 1995). See also Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.
6    1997) (a party's failure to diligently pursue discovery in the past is sufficient reason for the court
7    to deny further discovery). In his pending motions for relief under Rule 56(d), plaintiff broadly
8    complains about defendant's conduct during discovery because he believes that defense counsel
9    was required to turn over the documents plaintiff had requested. However, if plaintiff
10   experienced difficulty obtaining responsive documents from the defendant after serving him with
11   proper discovery requests, plaintiff needed to file a motion to compel during the five-month
12   period allotted for discovery in this case. Plaintiff did not do so. Instead, as the court observed in
13   its July 29, 2014 order, plaintiff only recently tried to file two motions to compel almost six
14   months after the discovery deadline had passed in this case, demonstrating a lack of diligence on
15   his part.
16         Finally, the court notes that it has conducted a cursory review of defendant's responses to
17   plaintiff's discovery requests, and the defendant's responses appear adequate. Defense counsel is
18   correct that the defendant is only required to produce documents that are in his "possession,
19   custody or control." Fed. R. Civ. P. 34(a). "Control is defined as the legal right to obtain
20   documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d
21   1450, 1452 (9th Cir. 1989). Plaintiff has not explained why he believes defendant Herrera, who
22   is no longer employed at HDSP or any California prison, has control of plaintiff's medical
23   records or the previously-filed inmate appeals plaintiff now seeks.
24         For all the foregoing reasons, the court will deny plaintiff's Rule 56(d) motions. In the
25   interest of justice, the court will grant plaintiff a final sixty days to file an opposition to
26   defendant's motion for summary judgment. This is more than adequate time in the court's view
27   for plaintiff to prepare and file an opposition in support of his single medical care claim against
28   defendant Medina. During this final sixty days, plaintiff may utilize the available prison

procedures to access his own medical records and previously-filed inmate appeals if he so desires. In addition, plaintiff may draft his own declaration signed under penalty of perjury explaining the material facts he believes preclude summary judgment in defendant's favor. The court strongly cautions plaintiff that this court will not further delay consideration of the defendant's motion for summary judgment. Furthermore, if plaintiff fails to file an opposition to the pending motion for summary judgment as ordered, his failure may be deemed a statement of non-opposition and result in a recommendation that defendant's motion for summary judgment be granted.

Also pending before the court are plaintiff's two motions for appointment of counsel and a motion for appointment of an expert. As to plaintiff's motions for appointment of counsel, as the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, which involves a straightforward medical deliberate indifference claim against one defendant, the court does not find the required exceptional circumstances.

As to plaintiff's motion for appointment of an expert, although the court granted plaintiff leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976). The expenditure of
/////

1 public funds for an expert witness is not authorized by the in forma pauperis statute or any other
2 statute.  See 28 U.S.C. § 1915.

### OTHER MATTERS

Plaintiff has filed an inordinate number of motions in this case, many of which are repetitive.  Plaintiff is advised that the undersigned (or the assigned district judge) will address all of plaintiff's motions in due course once they are submitted pursuant to Local Rule 230(l).  Plaintiff need not file additional motions repeating the same arguments and requests for relief.  Plaintiff is cautioned that improper and superfluous filings impede the progress of a case, and the court may impose restrictions on plaintiff's filings if he does not exercise appropriate restraint in the future.  See De Long v. Jennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)).  Although plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of Court.  Plaintiff's failure to obey court orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for relief pursuant to Federal Rule of Civil Procedure 56(d) (Doc. Nos. 134 & 145) are denied;

2. Plaintiff shall file an opposition to defendant Medina's motion for summary judgment within sixty days of the date of service of this order.  Failure to file an opposition to the pending motion for summary judgment will be deemed a statement of non-opposition and result in a recommendation that defendant's motion for summary judgment be granted;

/////
/////
/////

3. Plaintiff's motions for appointment of counsel (Doc. Nos. 144 & 148) are denied; and

4. Plaintiff's motion for appointment of an expert (Doc. No. 148) is denied.

Dated: September 4, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.56d

6