UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | No. 2:10-cv-1154 MCE DAD P |
| Plaintiff, | |
| v. | ORDER |
| P. STATTI, et al., | |
| Defendants. | |

Defense counsel has filed a motion for summary judgment on behalf of defendant Medina arguing that plaintiff cannot establish a constitutional violation under the Eighth Amendment. Defendant's Separate Statement of Undisputed Facts is based entirely on plaintiff's responses (or lack thereof) to defendant's requests for admission. According to defense counsel, plaintiff failed to provide either objections or verified responses to defendant's requests for admission, and therefore by operation of Federal Rule of Civil Procedure 36, each of defendant's requests for admission was automatically deemed admitted.

Plaintiff has filed an opposition to defendant's motion for summary judgment in which he contends that he did serve on defense counsel his responses to defendant's requests for admission. Plaintiff has attached to his opposition as Exhibit B a copy of his responses to defendant's requests for admission in which he denies several of the material facts defendant Medina relies on in his Separate Statement of Undisputed Facts. Plaintiff neither signed nor dated his responses to

defendant's requests for admission.

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3).

Under Rule 36(b) of the Federal Rules of Civil Procedure:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended…. [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

Under the circumstances of this case, the court will construe plaintiff's opposition to defendant's motion for summary judgment as a motion to withdraw or amend his unsigned admissions pursuant to Rule 36(b). The Ninth Circuit Court of Appeals has instructed district courts to "specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). As such, the court will allow defense counsel to respond to plaintiff's motion to withdraw or amend, particularly with respect to whether the defendant will suffer prejudice in maintaining or defending this action on the merits if the court permits withdrawal or amendment. However, defense counsel is cautioned that the Ninth Circuit has made clear that:

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to questions previously deemed admitted.

Conlon, 474 F.3d at 622. See also Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995) ("Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial.").

1    Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this
2 order, defendant Medina shall show cause as to why the court should not grant plaintiff's motion
3 to withdraw or amend his admissions. Alternatively, defendant Medina may elect to voluntarily
4 withdraw the pending motion for summary judgment without prejudice to renewing it on the
5 merits.

Dated: January 7, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
herr1154.36b