UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>P. STATTI, et al.,<br><br>    Defendants. | No. 2:10-cv-1154 MCE KJN P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action. Pending before the court are several of plaintiff's requests and motions to re-open discovery and postpone or stay defendant Medina's motion for summary judgment.

For the reasons discussed herein, the court denies plaintiff's requests. In addition, the court will order plaintiff to file his opposition to defendant's motion for summary judgment within thirty days. Plaintiff's failure to file an opposition will be deemed a statement of non-opposition and will result in a recommendation for dismissal of this action.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendant Medina based upon the defendant's alleged failure to provide plaintiff with adequate medical care. Specifically, plaintiff alleges that while he was incarcerated at High Desert State Prison ("HDSP"), correctional officers engaged in excessive use of force against him, and defendant Medina failed

to provide him with adequate medical care after that use of force incident. According to plaintiff, defendant Medina falsely reported that plaintiff refused medical care. Plaintiff further alleges that he was transferred to California State Prison, Corcoran, but upon his return to HDSP defendant Medina took him off of his prescribed pain medication for no reason. (Am. Compl. Attach. at 2.)

## PLAINTIFF'S REQUESTS AND MOTIONS FOR COURT ORDERS

On June 29, 2015, defendant Medina filed a motion for summary judgment. Specifically, defendant Medina contends that plaintiff failed to exhaust his medical care claims prior to filing suit as required and that there is no evidence that defendant Medina was deliberately indifferent to plaintiff's medical needs. On July 27, 2015, plaintiff filed what appeared to be an opposition to defendant's motion, and on July 31, 2015, defendant Medina filed a reply. Since defendant Medina filed his reply, plaintiff has filed a multitude of documents claiming that he never filed an opposition to defendant Medina's motion. Rather, plaintiff contends that he has only filed requests for court orders to re-open discovery so that he could properly oppose defendant's motion for summary judgment. As best as this court can tell, plaintiff seeks to re-open discovery to allow him to obtain copies of various inmate appeals he claims he submitted to prison officials in order to demonstrate that he has exhausted his deliberate indifference claims against defendant Medina. Plaintiff requests that the court construe his recent requests and motions as being brought pursuant to Federal Rule of Civil Procedure 56(d).

To obtain relief under Federal Rule of Civil Procedure 56(d), the moving party must show:

> (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.

State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Failure to comply with the rule's requirements "is a proper ground for denying discovery and proceeding to summary judgment." Id. See also Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d

2

1302, 1306 n. 1 (9th Cir.1986) (party opposing summary judgment "has the burden under Rule 56[d] to show what facts [he] hopes to discover to raise an issue of material fact."). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995). See also Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1997) (a party's failure to diligently pursue discovery in the past is sufficient reason for the court to deny further discovery).

In this case, plaintiff has not met his burden of demonstrating that he is entitled to relief under Rule 56(d). Specifically, as this court previously found when it denied plaintiff's prior two motions for relief pursuant to Rule 56(d), plaintiff has not demonstrated that he has diligently pursued discovery. This court issued the discovery and scheduling order in this case back on October 3, 2013. In that order, the court ordered the parties to complete discovery by January 24, 2014. On January 8, 2014, the court granted the parties an additional thirty days to conduct discovery up to and including February 24, 2014. On April 2, 2014, the court granted defendant Medina an additional extension of time to conduct plaintiff's deposition, and on May 6, 2014, the court granted plaintiff additional time to serve on defense counsel further responses to defendant's discovery requests as directed by a prior court order granting defendant's motion to compel. In this regard, this court has generously allowed both parties to conduct discovery well past the original deadline. Insofar as plaintiff now complains he had difficulty obtaining discovery from the defendant during the discovery period, or faced challenges as a result of transfers between prisons, he needed to file a motion to compel during the five-month period allotted for discovery in this case and/or a motion for additional time to conduct discovery. Plaintiff did not do so. Instead, as this court previously observed, plaintiff only tried to file two motions to compel six months after the discovery deadline had passed. Plaintiff, having demonstrated a lack of diligence on his part, is not now entitled to re-open discovery at this very late date.

Finally, by this order, the court directs plaintiff to file an opposition to defendant's motion for summary judgment within thirty days. Plaintiff's failure to file an opposition to defendant's motion for summary judgment will be deemed a statement of non-opposition to the motion and

3

will result in a recommendation for dismissal of this action. The undersigned notes that in his recent filings, plaintiff informs the court that he has been diagnosed with Valley Fever. Although this court acknowledges the seriousness of plaintiff's medical condition, the court does not find credible plaintiff's contention that he needs more time to file an opposition to defendant's motion for summary judgment because of it. As this court previously noted, plaintiff has filed an inordinate number of motions in this case, many of which are repetitive. The court advised plaintiff that it would impose restrictions on his filings if he did not exercise appropriate restraint in the future. Since the court filed that order, plaintiff has filed more improper and superfluous motions and has once more delayed consideration of defendant's motion for summary judgment. This court emphasizes that it will not tolerate further delay by plaintiff or allow him to impede the progress of this case. Plaintiff has one final opportunity to file an opposition to defendant's motion for summary judgment.

**OTHER MATTERS**

Defendant Medina has moved to strike plaintiff's recent requests and motions pursuant to Rule 12(f). Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 7 of the Federal Rules of Civil Procedure, plaintiff's recent filings do not constitute pleadings. Fed. R. Civ. P. 7(a). See also Sidney-Vinstein v. A.H. Robins Co., 597 F.2d 880 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). Accordingly, the court will deny defendant's motion to strike.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests and motions for relief pursuant to Rule 56(d) (Doc. Nos. 174, 181, 183, 185-87 & 189-91) are denied;

---

[1] Defense counsel's contentions in the pending motion to strike are well taken and the court has made clear in this order that plaintiff has one final opportunity to file an opposition to defendant Medina's motion for summary judgment.

      2. Within thirty days of the date of service of this order, plaintiff shall file an opposition to defendant Medina's motion for summary judgment. No further extensions of time will be granted for this purpose. Plaintiff's failure to file an opposition to defendant's motion for summary judgment will be deemed a statement of non-opposition to the motion and will result in a recommendation for dismissal of this action; and

      3. Defendant's motion to strike (Doc. No. 188) is denied.

Dated: December 10, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

herr1154.56d(2)