UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | No. 2:10-cv-1154 MCE KJN P (TEMP) |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| P. STATTI, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this civil rights action brought pursuant to 42 U.S.C. § 1983.  For the reasons discussed herein, the court recommends dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On June 29, 2015, counsel on behalf of defendant Medina filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies prior to filing suit as required, that there is no evidence that defendant Medina was deliberately indifferent to plaintiff's medical needs, and that defendant Medina is entitled to qualified immunity.  (Doc. No. 179-80) On July 27, 2015, plaintiff filed what appeared to be an opposition to defendant's motion, and on July 31, 2015, defendant Medina filed a reply.  (Doc. Nos. 181-82)  In response to defendant Medina's reply, however, plaintiff filed a multitude of documents claiming that he never filed an opposition to defendant Medina's motion for summary judgment.  (Doc. Nos. 174, 181, 183, 185-

87 & 189-91.) Instead, plaintiff explained that he had only filed requests for court orders to re-open discovery so that he could oppose defendant's motion for summary judgment. (Id.)

On December 10, 2015, the undersigned denied all of plaintiff's then-pending requests because they were without merit and ordered plaintiff to file an opposition to defendant Medina's motion for summary judgment within thirty days. (Doc. No. 195) The court made clear that it would not grant plaintiff any further extensions of time. (Id.) The court also warned plaintiff that it would deem his failure to file an opposition to defendant's motion for summary judgment as a statement of non-opposition to the motion and recommend dismissal of this action. (Id.) On January 15, 2016, instead of filing an opposition to defendant Medina's motion, plaintiff filed a motion for a sixty-day extension of time to file an opposition. (Doc. No. 197)

**DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the United States Court of Appeals for the Ninth Circuit held that a district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since May 6, 2010. As noted above, more than six months ago, defendant Medina filed a motion for summary judgment. Instead of filing an opposition defendant's motion, however, plaintiff filed nearly a dozen meritless requests. On December 10, 2015, the undersigned denied plaintiff's requests and ordered plaintiff to file an opposition to defendant's motion for summary judgment.

1  The court observed that throughout these proceedings plaintiff had filed an inordinate number of
2  motions in this case, many of which are repetitive.  The court told plaintiff in no uncertain terms
3  that it would not tolerate further delay by him or allow him to impede the progress of this case.
4  The court emphasized that it would give plaintiff one final opportunity to file his opposition.
5  Once more plaintiff has failed to file an opposition to defendant's motion and instead has filed a
6  motion for a sixty-day extension of time.

7  Plaintiff's repeated failure to comply with court orders and the Local Rules during the
8  lifespan of this case demonstrates that further time spent by the court on this case will consume
9  scarce judicial resources in addressing litigation which plaintiff has shown he has no intention to
10 diligently and properly pursue.  Plaintiff's repeated refusal to prosecute this action has left the
11 court bewildered and made it impossible for this court to adjudicate this civil action.  Under these
12 circumstances, due to plaintiff's conduct, the court has no suitable less drastic alternative but to
13 recommend dismissal of this action.

14 The third factor discussed in Ferdik, the risk of prejudice to the defendant Medina, also
15 weighs in favor of dismissal.  Plaintiff's failure to oppose defendant's motion for summary
16 judgment prevents the defendant from addressing plaintiff's claims and unnecessarily delays
17 resolution of this action thereby forcing the defendant to incur additional time and expense.  See
18 In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the
19 defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the
20 absence of a showing of actual prejudice to the defendant from the failure…. The law presumes
21 injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
22 1976)).

23 Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs
24 against dismissal of this action.  However, for the reasons set forth above, the first, second, third,
25 and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors
26 outweigh the general public policy favoring disposition of cases on their merits.
27 /////
28 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time to file an opposition to defendant's motion for summary judgment (Doc. No. 197) is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 21, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

herr1154.57ftp